Matter of Stone Column Trading House Ltd. v Beogradska Banka A.D. (2019 NY Slip Op 09382)





Matter of Stone Column Trading House Ltd. v Beogradska Banka A.D.


2019 NY Slip Op 09382


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10661 650228/13

[*1] In re Stone Column Trading House Limited, Claimant-Respondent,
v
Beogradska Banka A.D., etc., Claimant-Appellant.


Marion & Allen, P.C., New York (Roger K. Marion of counsel), for appellant.
Dunnington Bartholow & Miller LLP, New York (Olivera Medenica of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered on October 1, 2018, awarding claimant Stone Column Trading House Limited $8,937,120.23 plus interest, costs and disbursements, unanimously modified, on the law, to delete the award of statutory interest ($5,410,018.40), and to vacate the judgment entered in favor of Stone Column and against Beogradska in the amount of $14,347,973.63, and otherwise affirmed, without costs.
In 1992, $20 million was deposited into an account in the name of Stone Column at Beogradska's New York agency (Beogradska NY). After bankruptcy proceedings were initiated against Beogradska in Belgrade, the Superintendent of Financial Services of the State of New York took possession of Beogradska NY's business and property pursuant to Banking Law § 606(4)(a). Stone Column and Beogradska filed competing proofs of claim to the $20 million; after the Superintendent rejected both claims, Stone Column and Beogradska commenced separate actions against the Superintendent pursuant to Banking Law § 625(3).
In 2014, the Superintendent, Beogradska, and Stone Column entered into a Stipulation of Consolidation and Discharge which, inter alia, acknowledges that Stone Column submitted timely proofs of claim and says that "the sole legal issue to be adjudicated . . . is whether Beogradska . . . or Stone Column has the superior right to receive all or a portion of the Claim Amount," i.e., the $20 million. The stipulation continues, "Except for the claims of Beogradska . . . and Stone Column to the Claim Amount, Beogradska . . . and Stone Column . . . agree not to assert or otherwise pursue any other direct or indirect claims against one another arising out of the subject matter of the Consolidated Action." By entering into this stipulation, Beogradska waived the issue of Stone Column's standing (see Access 4 All, Inc. v Grandview Hotel Ltd. Partnership, 2006 WL 566101, *2-3, 2006 US Dist LEXIS 15603, *5-8 [ED NY, March 2006, CV04-4368(TCP)(MLO)]).
Stone Column made a prima facie showing that the money in its account is its money (see Karaha Bodas Co., L.L.C. v Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 313 F3d 70, 86 [2d Cir 2002], cert denied 539 US 904 [2003]). The record includes a Beogradska NY statement showing $20 million in Stone Column's account as of April 30, 1992. In addition, Beogradska stipulated that Stone Column maintained an account at Beogradska NY. Thus, the burden shifted to Beogradska to establish that the money in the Stone Column account was not Stone Column's money.
In its verified amended complaint, Beogradska alleged that Stone Column relinquished its ownership rights to a total of $19,480,187.33 by sending orders of transfer signed by Branislav Jeroti — the General Director of a company called Limes d.o.o. that was not related to Stone Column — and eljko Popovi — the Executive Director of Foreign Exchange Affairs at Beobanka. Beogradska further alleged that Jeroti and Popovi could act on Stone Column's behalf due to powers of attorney executed on or about March 31, 1992. However, Stone Column demonstrated that these powers of attorney were invalid. Hence, it did not relinquish its rights. [*2]Furthermore, Beogradska's claim is based on transactions that violate U.S. law (see Bank of N.Y. v Norilsk Nickel, 14 AD3d 140, 141-142, 147 [1st Dept 2004], lv dismissed 4 NY3d 846 [2005], appeal dismissed 4 NY3d 843 [2005]).
Due to the parties' stipulation (quoted above), Stone Column
is not entitled to 9% statutory interest (see J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117-118 [2012]). Stone Column is also not entitled to a judgment against Beogradska in this interpleader action as the parties stipulated that they agreed not to pursue any claims against one another arising out of this action except for the claims of the parties to the Claim Amount held by the escrow agent.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK